UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARON RENEE LLOYD FOREIGN GRANTOR TRUST,<br>　　Plaintiff,<br><br>v.<br><br>TIFFANY ENG, DION BASS<br>HEIDI ENG, SERGEANT MADDEN STAR #891<br>CHICAGO POLICE DEPARTMENT<br>and UNITED STATES POST OFFICE<br><br>Respondent. | Case No. 18-cv-8253<br><br>Judge Sharon Johnson Coleman |

**ORDER**

The Court dismisses the plaintiff's complaint *sua sponte* for lack of subject matter jurisdiction and failure to state a claim. The plaintiff's motion to proceed *in forma pauperis* [6] is denied as moot.

**STATEMENT**

Plaintiff Sharon Renee Lloyd Foreign Grantor Trust brings this action against Tiffany Eng, Dion Bass, Heidi Eng, Sergeant Madden Start # 891, the Chicago Police Department, and the United States Post Office (collectively, the defendants) alleging an illegal enforcement of an eviction order granted in state court.

Plaintiff alleges that its home was illegally purchased by Tiffany and Heidi Eng. Plaintiff asserts that it is the rightful owner of the property located at 4*** South Winchester Ave. pursuant to a federal land patent. According to the plaintiff, after Tiffany Eng was granted an order[1] to evict

---

[1] It is important to note that this is not the first case involving these parties. On December 7, 2018, this Court remanded a claim that essentially was a counterclaim against an eviction complaint filed state court. The Court remanded the claim for lack of jurisdiction. [16].

Sharon Renee Lloyd in the Circuit Court of Cook County, Eng and several police officers unlawfully entered Sharon Renee Lloyd's home and forced her to move.

As a preliminary matter, the Court notes that Sharon Renee Lloyd appeared on behalf of the plaintiff. However, Lloyd acknowledges that she is not an attorney. A nonlawyer cannot represent a case on behalf of anyone except herself. *Georgakis v. Illinois State University*, 722 F.3d 1075, 1077 (7th Cir. 2013).

Additionally, it appears that Lloyd is attempting to relitigate a case that this Court already remanded to state court for lack of jurisdiction. In Eng v. Lloyd et al., 18-cv-6540, Lloyd, then representing herself and not a Trust, attempted to remove an eviction action from state court. As the Court noted, the Court has no jurisdiction to hear claims related to an eviction. Further, the Seventh Circuit has made clear that there is no federal-question jurisdiction based on ownership of a "land patent." *Gilgenbach v. Illinois*, 707 Fed.Appx. 420 (7th Cir. 2018) ("We have sanctioned litigants for frivolously basing federal-question jurisdiction the [land patent] theory. . . .). Lloyd's allegation that her constitutional rights have been violated based on ownership of a land patent cannot survive in federal court.

The plaintiff's complaint is dismissed with prejudice.

Date: 2/8/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge